IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

KEN GOLDSMITH )
)
    Appellant, )         Case No. 20-cv-00161-MJH
)
)
  vs. )
)
)
PITTSBURGH MERCY HEALTH )
SYSTEM, INC. )

    Appellee,

OPINION

Appellant, Ken Goldsmith, *pro se* brings the within bankruptcy appeal arising from the

Bankruptcy Court's dismissal for failure to file information required to support his claim. (ECF

No. 1).  Appellee, Pittsburgh Mercy Health System, Inc, has a filed a Motion to Dismiss for Lack

of Prosecution under Fed. R. Bankr. P. 8018. (ECF Nos. 2 and 3).   Appellant has also filed a

Motion for Extension of Time to File Brief, Matters Complained of, and Designation of the

Record. (ECF No. 15).  Both matters are now ripe for consideration.

Upon consideration of Appellant's Notice of Appeal (ECF No. 1), Appellee's Motion to

Dismiss for Lack of Prosecution and Brief in Support (ECF Nos. 2 and 3), Appellant's Motion

for Extension of Time to File Brief, Matters Complained of, and Designation of the Record (ECF

No. 15), the arguments of the parties, and for the following reasons,  Appellant's Motion for

Extension of Time will be denied, and Appellee's Motion to Dismiss will be granted.

    I.     Background

The Bankruptcy Court originally dismissed Mr. Goldsmith's bankruptcy proceeding on

December 30, 2019, because Mr. Goldsmith failed to file documents mandated by the United

States Bankruptcy Code and related Bankruptcy Rules.  (ECF No. 3-1). On January 31, 2020,

Appellant filed his Notice of Appeal from Bankruptcy Court from an Order denying a "Motion for Reconsideration of the Dismissal Order, to Reinstate Case, and to Prevent Irreparable Harm, Spoliation, and Personal Endangerment." (ECF No. 1).  On the same date, the Clerk of the Bankruptcy Court directed Mr. Goldsmith to comply with Fed. R. Bankr. P. 8009 regarding the filing of his designation of the contents of the record to be included on appeal and his statements of issues to be presented.  (ECF No. 3-2).   On February 19, 2020, the Bankruptcy Clerk filed a Notice of Intention to Transmit Partial Record indicating that Mr. Goldsmith had failed to designate the contents of the record on appeal and failed to file a statement of issues on appeal within the time required by Fed. R. Bankr. P. 8009.  (ECF No. 3-3).  On March 6, 2020, the Bankruptcy Clerk transmitted a document filed by Mr. Goldsmith entitled "Motion to Extend Time to File Statement of Matters." (ECF No. 6).   After review of said Motion, this Court granted Mr. Goldsmith until April 3, 2020, to file a Statement of Matters Complained of, and Designation of the Record pursuant to Federal Rule of Bankruptcy Procedure 8009. (ECF No. 7). On April 7, 2020, Mr. Goldsmith filed a "Motion to Extend Time to File a Statement of Matters Complained of Pursuant to F.R.B.P. 8003, 8007.1 & 9006.1, and Designation of the Record Pursuant to F.R.B.P. 8009, due to Extreme Extenuating Circumstances."  (ECF No. 9). Mr. Goldsmith's request in part was due to the Covid-19 pandemic and the closure of local libraries. (ECF No. 9 at p. 3).  This Court granted said Motion which permitted Mr. Goldsmith until June 11, 2020 to file the appropriate documents in compliance with Rule 8009.   (ECF No. 10).

On June 18, 2020, the Court held oral argument on Appellee's Motion to Dismiss. During oral argument, Mr. Goldsmith made an oral request for a continuance of the oral argument on the basis that he had suffered a recent concussion.   Nevertheless, Mr. Goldsmith participated in the oral argument and responded coherently to Appellee's arguments for dismissal

as well as to the Court's questions.  The Court permitted Mr. Goldsmith the opportunity to file a

nunc pro tunc motion to continue the oral argument, along with the necessary documentation to

support that he had been diagnosed with a head injury.   (ECF No. 14).  On June 29, 2020, Mr.

Goldsmith filed another request for an enlargement of time to file his statement of matters

complained of and designation of the record.  (ECF No. 15).

II.     Discussion

a.  Motion for Extension of Time to File Brief, Statement of Matters Complained of, and Designation of the Record (ECF No. 15)

Mr. Goldsmith contends that he should be permitted an additional sixty (60) days to file

his Brief, Statement of Matters Complained of, and Designation of the Record.  (ECF No. 15).

He argues that he requires this extra time due his inability to access libraries to conduct legal

research and that on June 5, 2020, he suffered a concussive injury, causing temporary and

intermittent confusion as well as loss of cognitive function.  *Id*.  During the Court hearing on

Appellee's motion on June 18, 2020, the Court observed that Mr. Goldsmith argued coherently

and competently with no semblance of any reduction in his mental faculties.   The Court

requested that Mr. Goldsmith provide medical documentation to justify any continuance of the

hearing or reason for delay.  To date, Mr. Goldsmith has not provided the Court with any

documentation.

As will be discussed in this Court's analysis of the Motion to Dismiss below, no further

delay of the disposition of Appellee's Motion to Dismiss is warranted.  At the outset of the

appeal, which occurred before Covid-19 shut down procedures went into effect, both the

Bankruptcy Court and the Bankruptcy Rules required simple compliance with procedures.

Namely, Mr. Goldsmith needed to designate the record, which is simply a list of documents and

transcripts from the Bankruptcy proceeding that are needed for the District Court to review the

appeal.  Fed. R. Bankr. P. 8009.    Likewise, as for a Statement of Issues to be presented, the

same only requires that the Appellant state why the Bankruptcy Court erred in its dismissal.  *Id*.

If Mr. Goldsmith disagreed with the Bankruptcy Court's decision to dismiss his proceedings, the

reason should have been readily apparent for the purposes of articulating and filing a timely

statement of issues presented.  Now, Mr. Goldsmith has sought another extension for two simple

procedural matters that should have been addressed six months ago.  Therefore, the Court finds

no basis to grant Mr. Goldsmith any further extensions.

Accordingly, Appellant's Motion for Extension of Time to File Brief, Statement of

Matters Complained of, and Designation of the Record (ECF No. 15) is denied.

b.   Motion to Dismiss

Appellee contends that Mr. Goldsmith's Bankruptcy appeal should be dismissed because

Mr. Goldsmith has failed to file his designation of the items to be included in the record on

appeal, a statement of issues presented, and his brief within the applicable time periods.   Mr.

Goldsmith argued in his requests for extensions and during oral argument that the Covid-19

pandemic has prevented him from obtaining his personal papers as well as researching the issues

in the local libraries.   He offers no specific legal defense to Appellee's instant Motion to

Dismiss.   The record reflects that Mr. Goldsmith filed his Notice of Appeal on January 31, 2020.

(ECF No. 1).  This Court twice granted Mr. Goldsmith an extension to File a Statement of

Matters Complained of, and Designation of the Record pursuant to Federal Rule of Bankruptcy

Procedure 8009 with the final deadline of June 11, 2020. (ECF No. 7).   To date, Mr. Goldsmith

has yet to file a statement of matters complained of, a designation of the record, or a brief in

support of his bankruptcy appeal.

Federal Rule of Bankruptcy Procedure 8009(a)(1) provides in relevant part as follows:

(A)The appellant must file with the bankruptcy clerk and serve on the appellee designation of the items to be included in the record on appeal and a statement of the issues to be presented.

(B) The appellant must file and serve the designation and statement within 14 days after…the appellant's notice of appeal as of right becomes effective under Rule 8002.

Fed.R.Bank.P. 8009(a)(1)(A)-(B).   Federal Rule of Bankruptcy Procedure 8018(a) provides in relevant part as follows:

(1)The appellant must serve and file a brief within 30 days after the docketing of notice that the record has been transmitted or is available electronically.

[…]

(4) If an appellant fails to file a brief on time or within an extended time authorized by the district court or BAP, **an appellee may move to dismiss the appeal**- or the district court or BAP, after notice, may dismiss the appeal on its own motion.

Fed.R.Bankr.P. 8018(a)(1)-(4) (emphasis added). The Third Circuit has directed district courts to balance the *Poulis* factors to determine whether dismissal of an appeal is appropriate when the appellant fails to timely file his or her brief. *In re New Century TRS Holdings, Inc*, 619 Fed.Appx. 46 (3d. Cir. 2015)(citing *Poulis v. State Farm Fire and Casulty Company*, 747 F.2d 863 (3d. Cir. 1984)). In particular, the *Poulis* factors require a district court to consider "(1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) history of dilatoriness; (4) whether the conduct of the party…was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal…and (6) the meritoriousness of the claim or defense." *Emerson v. Thiel Coll.*, 296 F.3d 184, 190 (3d. Cir. 2002)(citing *Poulis*, 747 F.2d at 868)). Each factor need not be satisfied for the trial court to dismiss a claim. *Hicks v. Feeney*, 850 F.2d 152, 156 (3d Cir.1988).

As regard the first Poulis factor, the responsibility of prosecuting this appeal falls solely with Mr. Goldsmith, as a pro se litigant. *See Briscoe v. Klaus*, 538 F.3d 252, 258-59 (3d. Cir.

Case 2:20-cv-00161-MJH   Document 17   Filed 08/03/20   Page 6 of 8

2008)("[I]t is logical to hold a pro se plaintiff personally responsible for delays in his case

because a pro se plaintiff is solely responsible for the progress of his case."). As to the second

*Poulis* Factor, Mr. Goldsmith has prejudiced Appellee by his continued delays and disregard for

deadlines in both this Court and the Bankruptcy Court.   Rather than address Mr. Goldsmith's

claims on the merits, Appellee has had to expend legal fees and resources to address Mr.

Goldsmith's procedural delays. As to the third *Poulis* factor, Goldsmith has a substantial history

of failures to comply with deadlines set by applicable rules and the courts. Appellee notes that

Mr. Goldsmith has previously appealed a prior Bankruptcy case to this Court and to the United

States Court for the Third Circuit.  In prior case filings, Mr. Goldsmith has failed to comply with

deadlines, and he has extensive experience with the court system.  *See* 11-cv-747, 12-cv-517, 12-

cv-589, 12-cv-684, 12-cv-1315, and 14-cv-789.   The Third Circuit has affirmed District Court

dismissals of appeals from the Bankruptcy Court for failure of appellants to timely file briefs

pursuant to Rule 8018(a) where the appellant had familiarity with the appellate system. *See, In re*

*40 Lakeview Drive, LLC*, 779 Fed.Appx. 134, 135-36 (3d. Cir. 2019)(affirming the District

Court's order dismissing the appellant's appeal from a bankruptcy court order due to the District

Court's reasoning that since the appellant had prior experience with the court and had cases

previously dismissed due to her failure to comply with deadlines).

　　As to the fourth *Poulis* factor, the Court finds that Goldsmith's conduct is willful.  Mr.

Goldsmith has received notices of the applicable time frame for designation of the record, the

statement of issues on appeal and his brief, but Mr. Goldsmith has chosen not to comply with the

simple procedural steps.  Instead, he has exerted efforts to delay the proceedings through motions

practices.   These procedural steps could and should have been addressed and completed prior to

the COVID-19 shutdowns.

As to the fifth *Poulis* factor, the Court finds that monetary sanctions would not be a reasonable alternative against Mr. Goldsmith due to his financial situation. *See New Century*, 619 Fed.Appx. 46, 48 (3d. Cir. 2015) (internal citations omitted) (holding that monetary sanctions are not an effective alternative where the appellant declares she is in forma pauperis).

The final *Poulis* factor requires analysis of the merit of the appeal. Here, Goldsmith's disregard of the requirement under Rule 8009 to file a statement of issues on appeal precludes this Court's ability to analyze the merit of Mr. Goldsmith's appeal.  Therefore, the Court cannot affirmatively state whether not Mr. Goldsmith's appeal has any merit.  Because most, if not, all of the *Poulis* factors weigh in favor of dismissal, the Court will dismiss Mr. Goldmith's bankruptcy appeal.

III.     Conclusion

As regards Appellant's Motion for Extension of Time, another extension for two simple procedural matters that should have been addressed six months ago is not warranted.  Therefore, the Court finds no basis to grant Mr. Goldsmith any further extensions.   Accordingly, Appellant's Motion for Extension of Time will be denied.

As regard Appellee's Motion to Dismiss, after balancing the *Poulis* factors, dismissal of Mr. Goldsmith's appeal is appropriate given his failure to file a designation of the record, statement of issues on appeal, and brief within the applicable time periods.  Accordingly, Appellee's Motion to Dismiss will be granted. A separate order shall issue.

BY THE COURT:

Marilyn J. Horan
United States District Court Judge

Via Mail:

Ken Goldsmith
803 Watson Street
Pittsburgh, PA 15219